430 F.2d 645
 G. Rodney ROBINSON, Plaintiff-Appellee,
v.
GRANCOLOMBIANA (NEW YORK), INC., General Agent of Flota
Mercante Grancolombiana, S.A.,
Defendant-Third-Party
Plaintiff-Appellant, v. M/V
SABINE PILOT et al.,
Third-
Party
Defendants-
Appellees.
 No. 29468 Summary Calendar.
 United States Court of Appeals, Fifth Circuit.
 Aug. 3, 1970.
 
 William C. Bullard, Baker, Botts, Shepherd & Coates, Houston, Tex., for appellant.
 Ben N. Ramey, Houston, Tex., for G. Rodney Robinson.
 Thomas A. Brown, Brown & Teed, Houston, Tex., for M/V Sabine Pilot.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This suit was brought in admiralty by G. Rodney Robinson, a member of the Sabine Pilots' Association of Port Arthur, Texas, against the appellants M/V CIUDAD DE PASTO and her owners and agents, Flota Mercante Grancolombiana, S.A., for personal injuries sustained by Robinson while attempting to disembark from the M/V CIUDAD DE PASTO to the pilot boat, the M/V SABINE PILOT. Flota Mercante Grancolombiana, S.A. impleaded the M/V SABINE PILOT in rem, alleging that the accident, made the basis of the suit, was the fault of the M/V SABINE PILOT and demanding indemnity from the interests of the pilot boat. Robinson and Grancolombiana then settled for $30,000 and the case was tried on the third-party action against the M/V SABINE PILOT.
 
 
 2
 The trial judge found that the injury to Robinson was caused by the sole fault of the M/V CIUDAD DE PASTO in negligently and suddenly changing her course during the pilot's disembarkation from the M/V CIUDAD DE PASTO to the pilot ship and denied indemnity. We affirm.[1]
 
 
 3
 On appeal Grancolombiana contends that the trial court erred in three respects: in failing to recognize the existence of a warranty of safe and workmanlike service on the part of the pilot's association to Grancolombiana, owner of the M/V CIUDAD DE PASTO; in finding that the injury to Robinson was caused by the sole fault of the master of the M/V CIUDAD DE PASTO; and in failing to find that Robinson was contributorily negligent and that his contributory negligence constituted a breach of his warranty to perform piloting services for the M/V CIUDAD DE PASTO in a safe and workmanlike manner.
 
 
 4
 Although the evidence is not without some conflicts, there was competent testimony supporting the third-party defendant M/V SABINE PILOT's version of the events giving rise to Robinson's injury. Briefly stated that testimony shows that Robinson was attempting to depart from the M/V CIUDAD DE PASTO. He had climbed down the ladder which had been placed over the port side of the vessel in order to cross over to the M/V SABINE PILOT which was standing by to take him off the ocean vessel. Suddenly the M/V CIUDAD DE PASTO changed course which caused it to roll to port and crush Robinson's leg between the port side of her hull and the starboard side of the pilot's platform located on the M/V SABINE PILOT.
 
 
 5
 Appellant claims it is preposterous for the District Judge to have concluded that a vessel the size of the M/V CIUDAD DE PASTO could suddenly change course at a slow speed. However, there was testimony that this is precisely what happened and no testimony was offered by appellants to the effect that a vessel the length and tonnage of the M/V CIUDAD DE PASTO could not effect a sudden change in course at a slow speed. Furthermore, there is ample evidence to support the findings that Robinson and the M/V SABINE PILOT acted prudently. Therefore, the District Court's finding that the injury was caused by the sole fault of the M/V CIUDAD DE PASTO is not clearly erroneous. McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20; Grigsby v. Coastal Marine Service of Texas, Inc., 5 Cir. 1969, 412 F.2d 1011, cert. dismissed, 396 U.S. 1033, 90 S.Ct. 612, 24 L.Ed.2d 531.
 
 
 6
 Since there was no fault on the part of either the M/V SABINE PILOT or Robinson himself, we need not reach the question raised by appellant whether the implied warranty of workmanlike service of Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 1956, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133, should be extended to the facts of this case.
 
 The judgment is
 
 7
 Affirmed.
 
 
 
 [1]
 Pursuant to our Rule 18 this case is decided without oral argument